UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARDSON BAY SANITARY DISTRICT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF MILL VALLEY, A Municipal Corporation, and DOES 1 THROUGH 20, inclusive,<br><br>    Defendants. | Case No:  C 11-05336 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |

The parties are presently before the Court on Plaintiff's Motion to Remand Action to State Court. Dkt. 11. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

In 1979, various sanitary agencies in Southern Marin County and the City of Mill Valley ("City") entered into a joint powers agreement to form the Sanitary Agency of Southern Marin ("SASM") to build and operate a sewage treatment plant in the City. Compl. ¶ 6, Dkt. 1. In 1983, the City and the SASM entered into a written operation and maintenance agreement whereby the City agreed to operate, maintain and manage the plant. Id. The agreement was in force from 1983 through June 2000. Id. On July 17, 2000, the City and SASM renewed their agreement. Id. The renewed agreement includes a hold harmless clause under which the City has agreed to indemnify the SASM for any loss or

damage proximately caused by the City's failure to perform its obligations under the agreement. Id. ¶ 8.

In January 25, 2008 and again on January 31, 2008, the City allegedly discharged untreated sewage from the SASM treatment facility into Richardson Bay. Id. ¶¶ 9-11. On April 8, 2008, the Environmental Protection Agency ("EPA"), under to auspices of the Clean Water Act ("CWA"), issued a Findings of Violation and Order of Compliance. Notice of Removal, Ex. B, Dkt. 1. The EPA found, inter alia, that the District and the City, among other entities, had violated the CWA based on sewage spills occurring between 2004 and 2008. Id. ¶ 22. In addition, the EPA ordered the various entities to engage in specified remediation actions. Id. at 7-17. On the same date, the California Regional Water Quality Control Board fined SASM $1.6 million for the January 2008 discharges. Id. Ex. C at 2.

On July 26, 2011, the District filed the instant action against the City in Marin County Superior Court, alleging two state law causes of action for express contractual indemnity and declaratory relief. The Complaint alleges that the District incurred "expenses and fees [that] were caused by the failure of [the City] to comply with, and perform the express promises and agreements contained in the … contract [between the City and SASM], by reason of which plaintiff alleges that [the City] is required to indemnify and hold harmless plaintiff from any and all damages arising out of the claims as alleged herein." Compl. ¶ 15.

On November 2, 2011, the City removed the action to this Court, pursuant to 28 U.S.C. § 1441(b). Though no federal claims are alleged in the Complaint, the City alleges that, under the "artful pleading doctrine," the District's claims are preempted by the CWA. The District contends that removal jurisdiction is lacking and now moves to remand the action. The motion to remand has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357,

495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus, 980 F.2d at 566.  Any doubts regarding the propriety of a removal favor remanding the case. See Gaus, 980 F.2d at 566.

## III.   DISCUSSION

"[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotation marks and citation omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." Id.  When a federal statute "completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

The City contends that the District's claims for indemnity and declaratory relief are preempted by the CWA on the ground that the District is, in effect, seeking to "overturn" the EPA's allocation of liability and assessment of costs in connection with the January 2008 sewage discharge.  See Def.'s Opp'n at 1.  Setting aside its mischaracterization of the District's claims, the City misconstrues the doctrine of complete preemption.  "The jurisdictional question concerning 'complete preemption' centers on whether it was the

intent of Congress to make the cause of action a federal cause of action and removable despite the fact that the plaintiff's complaint identifies only state claims." Whitman v. Raley's Inc., 886 F.2d 1177, 1181 (9th Cir. 1989). In contrast, a "preemption defense" concerns "whether a legal defense exists." Id. "It is settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Hunter, 582 F.3d at 1042-43.

Here, the City has failed to present any relevant argument or legal authority demonstrating that Congress intended the CWA to supplant the District's claims for contractual indemnity and declaratory relief. To the contrary, the City's contention is that the District is impermissibly seeking to overturn the EPA's order—not that the District's claims are only cognizable under the CWA. As such, the City's theory of preemption is more accurately characterized as defensive preemption. Since defensive preemption does not provide a basis for removal, the action must be remanded. Id.; see also Whitman, 886 F.3d at 1181 ("If the court rules that the claim is not 'completely preempted,' the federal court lacks jurisdiction to rule on the substantive preemption defense.").[1]

## IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), Plaintiff's Motion to Remand Action to State Court is GRANTED. The instant action is REMANDED to the Marin County Superior Court. The Clerk shall close the file and terminate all pending matters.

---

[1] The City also asserts that the instant action involves substantial questions of federal law. Def.'s Opp'n at 13. A substantial question of federal law is raised where federal law is a "necessary element" of the state law claim. Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009). Although the City purports to recite various "federal" issues raised by the District's claims, the City fails to provide any meaningful analysis or legal authority to support its contention.

IT IS SO ORDERED.

Dated: March 29, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge